UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Taryn Fernandes, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>Rosalind Franklin Univ. of Medicine )<br>and Science, )<br>    Defendant. ) | No. 19 CV 50337<br>Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff Taryn Fernandes alleges claims of sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e, *et seq.*, and the Illinois Human Rights Act, *see* 775 ILCS 5/1-101, *et seq.*, as well as related state law claims. Defendant Rosalind Franklin University of Medicine and Science seeks to dismiss two of the claims against it for sexual harassment (Count I) and intentional infliction of emotional distress (Count IV). For the reasons that follow, the motion to dismiss [31] is granted in part and denied in part as follows: the motion to dismiss Count I is denied, while the motion to dismiss Count IV is unopposed and granted.

**Background**

  The following allegations are from the plaintiff's amended complaint and are taken as true for purposes of resolving the motion to dismiss. *See Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020). Ms. Fernandes was a medical student employed through defendant Rosalind Franklin University as a first-year medical resident placed at Centegra Hospital (which now operates as Northwestern Medicine McHenry Hospital). During her residency, Rosalind Franklin's Residency Program Director, Dr. Preston Cannady, called a meeting with the plaintiff and Centegra Hospital's medical director. Dr. Cannady questioned the plaintiff about reports he received that nurses and attending physicians saw her late the night before "sexting" from a hospital computer, including sending nude photos. The plaintiff denied the reports, and an ensuing investigation by the defendant revealed that multiple Centegra nurses and other hospital staff had accessed the plaintiff's personal Gmail and Google Photos accounts, and then "paraded Plaintiff's private, explicit, personal, and intimate photographs and videos to many other employees." Am. Compl. [17] ¶ 32. Dr. Cannady told Ms. Fernandes that the investigation had cleared her of any wrongdoing.

  After the investigation, Ms. Fernandes asked the defendant to disclose the identity of the offenders, but the defendant refused. She then requested a "transfer away from her unidentified and numerous harassers to get a 'fresh start' free from disapproving looks and further harassment and humiliation." *Id.*¶ 36. But the defendant denied her request and "she was forced to continue working with and among the very people who had exploited her, invaded her privacy, and

discriminated against her." *Id.* ¶ 37. The defendant did nothing further to protect Ms. Fernandes from additional discrimination and harassment. Meanwhile, multiple Centegra nurses and hospital staff questioned and/or refused to follow her medical orders, such as orders to repeat a patient's blood pressure reading or to collect and stool sample. The defendant then terminated Ms. Fernandes from its residency program.

The defendant moves to dismiss two of the four counts against it. It seeks to dismiss the claim of sexual harassment (Count I), arguing that that the conduct alleged was not sufficiently severe or pervasive, and that there is no basis for holding it liable for any harassment. It also seeks to dismiss the claim of intentional infliction of emotional distress (Count IV) for failure to state a claim and because it is preempted by Illinois' Workers Compensation Act and Human Rights Act. The plaintiff does not contest that her claim of intentional infliction of emotional distress should be dismissed, and so the motion to dismiss Count IV is granted as unopposed. The remainder of this order shall therefore address only the motion to dismiss the sexual harassment claim of Count I.

**Analysis**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must give to the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also plausibly suggest that the plaintiff is entitled to relief, which "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint's allegations, and when evaluating a 12(b)(6) motion the court must accept all well-pleaded facts as being true, and draw all reasonable inferences in favor of the plaintiff. *See Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020).

To ultimately prevail on her sexual harassment claim, the plaintiff must show that (1) she was subjected to unwelcome sexual harassment, (2) the harassment was based on her sex, (3) the sexual harassment was severe and pervasive enough to unreasonably interfere with her work performance by creating an intimidating, hostile, or offense work environment, and (4) there is a basis for the defendant's liability. *See Lambert v. Peri Formworks Sys., Inc.*, 723 F.3d 863, 866 (7th Cir. 2013). The defendant contends that the plaintiff's claim of sexual harassment must be dismissed for two reasons: (1) the harassment she alleged was not sufficiently severe or pervasive, and (2) the complaint includes no allegations that it engaged in any harassment, and has not alleged a basis for holding it liable for harassment by others.

**A.      Severe or Pervasive**

The defendant argues first that the harassment alleged was a single incident of nurses and staff members accessing and circulating her personal e-mails, "which happened to contain intimate photos of the Plaintiff," and which were "created by Plaintiff" herself. Memorandum [32] at 7. The Court sets aside for now what strikes it as a classic example of victim shaming. Harassment does not need to be both severe and pervasive, and the fact that nurses and staff

gained unauthorized access into the plaintiff's personal e-mail account and distributed her personal photos in one evening's fell swoop does not prevent the plaintiff from stating a claim of sexual harassment. *See Smith v. Shehan*, 189 F.3d 529, 533 (7th Cir. 1999) ("The district court . . . opined that sex-based harassment can never be actionable unless it is repeated. This was error . . ."). The defendant argues that because the plaintiff was not present to witness her coworkers pass around her intimate photos means their conduct was only "'second hand' harassment," which is "less objectionable." Reply [49] at 4. In support, the defendants rely on cases that concluded that derogatory statements were not sufficiently severe in part because the victim never heard them. *See Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005); *Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005). But the stray derogatory remarks at issue in those cases are a far cry from the conduct in which the plaintiff's coworkers allegedly engaged, and her humiliation stems not from being present to witness it, but from knowing that her coworkers gained access to her private account, viewed her intimate pictures, and shared them with one another. As the plaintiff alleged, even after the incident the plaintiff was forced to continue working among the coworkers who had exploited her and be subjected to their "disapproving looks," their refusal to comply with her medical orders, and further humiliation. Am. Comp. [17] ¶ 36. Moreover, whether conduct is sufficiently severe or pervasive requires an examination of all of the surrounding circumstances, *see EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 625 (7th Cir. 2018), appropriate at the summary judgment or trial stage, but not on a motion to dismiss. A plaintiff need not lay out all of her evidence to survive a motion to dismiss; she just needs to plausibly suggest a claim that puts the defendant on notice of the nature of that claim. *Ashcroft*, 556 U.S. at 678. The plaintiff has plausibly suggested severe or pervasive harassment. Contrary to the defendant's argument, a reasonable person would find that the complaint's allegations meet the "hostility" requirement. *Kriescher v. Fox Hills Golf Resort & Conf. Cntr.*, 384 F.3d 912, 915 (7th Cir. 2004).

**B.      Basis of Liability**

Next, the defendant contends that the plaintiff's claim of sexual harassment must be dismissed because she has not alleged a basis of employer liability. The plaintiff does not appear to allege harassment by a supervisor, for which an employer is strictly liable. *Johnson v. Advocate Health & Hospitals Corp.*, 892 F.3d 887, 904 (7th Cir. 2018). Rather, the harassment she alleged was by nurses and hospital staff employed by Centegra, not the defendant (the plaintiff originally named Centegra as a defendant, but later she and Centegra stipulated to the dismissal of those claims). An employer is liable for harassment by coworkers only if it was negligent in discovering or remedying the harassment. *Id.*

The defendant argues that the plaintiff's allegations reveal no basis for its liability because she did not allege it knew in advance of the nurse and staff's "pointed attack" and because when it learned of the attack, it investigated, determined that the nurses and staff had acted inappropriately, and cleared the plaintiff. Memorandum [32] at 8. The defendant's argument disregards the plaintiff's allegations that it forced her to continue working with the coworkers who had violated her private e-mails and pictures, that the coworkers continued harassing her with disapproving looks and by refusing to follow her medical orders, that the defendant rejected her requests to be moved away from those coworkers, and that it eventually

terminated her. A motion to dismiss does not allow a defendant to simply ignore unfavorable allegations in the complaint.

This is not to say that the plaintiff will ultimately prevail. Much is unknown at this early stage of the cases, including the reason the defendant gave for terminating the plaintiff. But the question before the Court is whether the plaintiff has plausibly suggested a basis for employer liability, which she has done by alleging that the defendant refused to move her away from her harassers even though the harassment continued. Therefore, the defendant is not entitled to the dismissal of the sexual harassment claim against it.

## Conclusion

For the reasons given, the defendants' motion to dismiss [31] is granted in part and denied in part as follows: the claim of sexual harassment (Count I) is not dismissed, and the claim of intentional infliction of emotional distress (Count IV) is dismissed.

Date: January 27, 2021          By: _____
                                     Iain D. Johnston
                                     United States District Judge